CLARENCE H. CONOVER, PLAINTIFF-RESPONDENT, v. CHARLES E. SCHROEDER, DEFENDANT-APPELLANT.

Argued January 18, 1927—Decided May 16, 1927.

**Contracts—Architect's Judgment, in Effect, Directed by the Court so far as a Liability For Damages was Concerned— Held, That Evidence was Not so Complete as to Justify Such a Position—A Venire De Novo Awarded.**

On appeal from the Atlantic County Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justice TRENCHARD.

For the appellant, *Cole & Cole.*

For the respondent, *Lee F. Washington.*

PER CURIAM.

This is an appeal from a judgment of the Atlantic Circuit Court entered upon a verdict of a jury in favor of plaintiff,

an architect, who sued Schroeder in his lifetime to recover for services alleged to have been performed in the preparation of plans, &c. Schroeder died, and his executor was substituted as defendant.

The complaint averred that the defendant agreed to pay plaintiff for his services, the "reasonable and customary charge of architects in Atlantic City for such services;" that plaintiff prepared such preliminary plans for defendant's residence and garden almost to the point of final completion, when, without legal cause, defendant notified plaintiff to go no further with the work.

The answer, as we view it, in effect, denies that any work was done *pursuant to any agreement with defendant.*

On this appeal the defendant's main point is that there was error on the part of the trial court in precluding defendant's counsel from arguing to the jury any question except the amount of damages to be recovered, and in effect directing a verdict for the plaintiff so far as a liability was concerned.

The trial judge took that position because he thought and said that the plaintiff's uncontradicted testimony showed that the defendant ordered the plaintiff to perform the services.

No doubt there was evidence from which the jury could have inferred, if it saw fit, that Schroeder employed the plaintiff to prepare the plans; but we do not think it was conclusive, nor that it compelled the inference that such work as plaintiff did, he did under an employment by the defendant, Schroeder. The evidence, by reason of the death of Schroeder, was necessarily circumstantial in character upon the question whether or not these plans were *ordered* by Schroeder in his lifetime. Varying inferences might reasonably have been drawn therefrom, and we think it was error to withdraw this question from the consideration of the jury, leaving only the question of damages.

The judgment will be reversed and a *venire de novo* awarded.